UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

BRIAN KEEGAN, individually and on behalf of those similarly situated,

                Plaintiff,

-against-

DANIEL P. MINAHAN,

                Defendant.

23 cv _____ (        )

**CLASS ACTION COMPLAINT**

**JURY TRIAL DEMANDED**

## OVERVIEW

1. This putative class action was originally filed on March 17, 2023 and assigned to the Honorable Robert N. Scola, Jr. U.S.D.J. (Docket No. 23-cv-60501-RNS). On June 7, 2023, Judge Scola dismissed the action, without prejudice, for failure to state an actionable claim for common law fraud, the sole count in that pleading.

2. The instant filing of a revised/amended complaint constitutes Plaintiff's attempt to address the deficiencies highlighted by Judge Scola with respect to Plaintiff's earlier-filed common law fraud claim. Additionally, the instant complaint adds a cause of action for violation by Defendant of the *Florida Unfair and Deceptive Trade Practices Act*.

1

3. By the instant complaint, Plaintiff brings claims on his own behalf and on behalf of those similarly situated (the "Class"), to redress nationwide injury deliberately and knowingly inflicted by Defendant on the United States consumer public through the advertisement, marketing, distribution and sale a product called *Boner Bears*, without disclosure that the ingredient list printed on the product is deliberately falsified by Defendant in that it fails to disclose that the product is covertly adulterated with a pharmaceutical.

4. Boner Bears is represented by Defendant, in writing on the product label, as well as on *gotbonerbears.com*, the website owned and operated by Defendant, to be efficacious for erectile dysfunction ("ED"). Indeed, the product label instructs the consumer, under the heading "dosage," to "consume 2 gummies 1 hour prior to sexual activity."

5. Under the heading "ingredients," the product label explicitly states that Boner Bears is a wholly natural product consisting of a proprietary blend of herbal ingredients. The product label further explicitly states that Boner Bears contains no "PDE5 inhibitors," the pharmacologic, prescription-only treatment for erectile dysfunction.

6. Defendant's claim, on the product label, that Boner Bears contains no PDE5 inhibitors is a deliberate lie. Laboratory testing of Boner Bears discloses

that it is adulterated with Tadalafil, the PDE5 inhibitor in the well known pharmaceutical *Cialis*. (*See*, Laboratory Test Results attached hereto as an Exhibit). This deliberate lie is concocted and knowingly employed by Defendant falsely to suggest to the U.S. consumer public that Boner Bears can achieve positive results for those suffering from ED without the need for consultation with a physician, without disclosure of their ED situation to a third-party (which can be embarrassing to many men), and without prescription and attendant purchase and consumption of a pharmaceutical.

7.  Defendant's deliberate lie as to the true ingredients of Boner Bears is also intended to dupe men suffering from various medical conditions that forbid them from consuming PDE5 inhibitors into thinking that Boner Bears delivers results with only natural ingredients, and without the need for a recognized, pharmaceutical ingredient.

8.  Defendant is well aware that Boner Bears is adulterated with Tadalafil, a PDE5 inhibitor available only under the supervision of a physician and by prescription only. In truth and in fact, Defendant Minahan:

● Personally dominated, controlled and managed the marketing and sale of Boner Bears, including arranging for the adulteration of Boner Bears with Tadalafil.

● Personally managed, directed and controlled the scheme whereby Boner Bears was falsely represented and labeled, in writing, to be a wholly natural product;

● Personally exercised total and complete operational control and decision-making power, including product origination and development, marketing, sales, promotion, and covert adulteration with Tadalafil; and,

● Personally managed and controlled the fraudulent distribution and sale of the adulterated Boner Bears product.

9. Defendant's conscious failure and refusal to disclose that Boner Bears are adulterated with a pharmaceutical puts the health of the U.S. consumer public at risk.

10. Tadalafil, the undisclosed pharmaceutical in Boner Bears, is in a class of pharmaceuticals called phosphodiesterase ("PDE") inhibitors. PDE inhibitors work to treat erectile dysfunction by blocking a specific enzyme in the blood vessels. This allows blood vessels to relax, resulting in increased blood flow to the penis. This increased blood flow can cause an erection. But, as noted, Tadalafil is a pharmaceutical available in the United States only under the supervision of a physician, by prescription only.

11. Defendant's marketing of a purportedly natural product which is covertly adulterated with a controlled pharmaceutical puts the U.S, consumer public at risk and violates federal criminal statutes.

## JURISDICTION AND VENUE

12. This Court has subject matter jurisdiction over this class action pursuant to

28 U.S.C. § 1332(d)(2) which provides for the original jurisdiction of the federal court in any class action in which any member of the Class is a citizen of a state different from any Defendant, and in which the matter in controversy, exclusive of interest and costs, exceeds the sum or value of $5,000,000.

13. Plaintiff alleges that the legal and equitable claims of individual Class members in this action are in excess of $5,000,000 in the aggregate, exclusive of interest and costs, and that the total number of members of the proposed Class is greater than 100, as required by 28 U.S.C. § 1332(d)(2), (5). Further, as set forth below, Plaintiff is a citizen of a state different from the Defendant.

14. Venue is proper in this District pursuant to 28 U.S.C. § 1391 in that Defendant resides in this District and a substantial part of the events, acts, transactions and omissions giving rise to the claims asserted herein occurred in this District.

## THE PARTIES

15. At all times relevant, Plaintiff Brian Keegan was a citizen of the State of New Jersey with a place of residence in Bergen County, New Jersey. Plaintiff suffers from high blood pressure and high blood sugar and consumes medication on a daily basis, prescribed by his physician, for these conditions. Plaintiff's medical condition prohibits him from ingesting tadalafil for ED. Accordingly, in July 2022, Plaintiff purchased Boner Bears in reliance on the claim that it contained only natural

5

ingredients. Plaintiff paid $49.87 for the Boner Bears product. Upon ingesting Boner Bears, Plaintiff experienced headache, dizziness, and blurred vision.

16. At all times relevant, Defendant Daniel P. Minahan was a citizen and resident of the State of Florida with a place of residence in Fort Lauderdale, Florida. Defendant Minahan personally and exclusively owns, controls, operates and manages the illicit enterprise by which Boner Bears is advertised, manufactured, covertly adulterated with a drug, and then sold to the U.S. consumer public.

17. Defendant Minahan exclusively owns, operates and controls a Delaware corporation called Perk Industries Inc., (Perk"), which has a place of business located at Defendant Minahan's home in Fort Lauderdale, Florida. Under Minahan's exclusive ownership, operation and control, and at his direction, Perk fraudulently petitioned the *U.S. Patent and Trademark Office* to grant a trademark for the Boner Bears mark as an herbal dietary supplement without disclosure that it was, in fact, covertly and unlawfully adulterated with a pharmaceutical.

18. Defendant Minahan also exclusively owns, operates and controls a Florida corporation called Innovative Health Labs Inc., ("Innovative Health") with a place of business in Fort Lauderdale, Florida. Innovative Health's business premises in Fort Lauderdale, Florida, are used by Minahan to prepare, package and ship the Boner Bear product to consumers throughout the United States.

19. Defendant Minahan advertised, marketed, distributed and sold Boner Bears in commerce throughout the United States, including but not limited to the State of New Jersey.

## THE BONER BEARS PRODUCT

20. According to the Boner Bears label, the product, in gummy (chewable) form, contains only natural, herbal constituent ingredients (as well as corn syrup, sugar, flavors and colors). The product label specifically denies that it includes any PDE inhibitors, such as Tadalafil. The product label states: "NO... PDE5 inhibitors."

21. In reality however, Boner Bears is not a natural, herbal blend as claimed. According to sophisticated laboratory analysis attached as an Exhibit to this complaint – specifically a *Certificate of Analysis* dated August 26, 2022, issued by a highly prominent U.S. testing laboratory – each dose of Boner Bears (two [2] gummies) contains 17.3 mg of the pharmaceutical Tadalafil. The presence of this substantial dose of a pharmaceutical, available by prescription only, is not disclosed on the product label. Defendant deliberately and knowingly conceals the substantial presence of Tadalafil in Boner Bears because Tadalafil may not be sold and/or lawfully obtained by a U.S. consumer without medical supervision and a prescription.

22. As a result, Defendant Minahan is knowingly, albeit covertly, dosing U.S.

consumers with almost twice the recommended, 10 mg starting dose of Tadalafil. The dose may be increased to 20 mg based on individual efficacy and tolerability, as determined by a physician. Here, Defendant is dosing U.S. consumers with greater than the starting dose of Tadalafil without any intervention, or oversight, by a physician.

23. Defendant's claims, promises and product labeling with respect to the constituents in Boner Bears were calculated and designed to lead Plaintiff and members of the putative class to believe that Boner Bears was a natural, herbal remedy for ED. Plaintiff and members of the putative class relied on Defendant's deceitful claims and purchased and consumed the product based on said deceitful claims.

24. Tadalafil, as noted, is a pharmaceutical available only at the direction and prescription of a physician, after full medical consultation and examination, as it is potentially dangerous to the health of U.S. consumers if secured and ingested without medical authorization and clearance. Indeed, FDA approval of this pharmaceutical is specifically limited to its use under the supervision of a licensed medical professional. Due to toxicity and other potentially harmful effects – including life-threatening drops in blood pressure, loss of vision, and loss of hearing – Tadalafil is not safe for use except under the supervision of a medical practitioner. Yet, Defendant does not disclose that consumers of his product are ingesting Tadalafil. Indeed, Defendant affirmatively, albeit falsely, denies adulteration of the Boner Bears product with any pharmaceutical.

25. Members of the class, including Plaintiff, were deceived by Defendant's claims and misrepresentations concerning Boner Bears's purportedly natural, herbal constituents, and paid a purchase price for the product based on said claims by Defendant.

## CLASS ALLEGATIONS

26. Plaintiff brings this suit individually and as a class action pursuant to Fed. R. Civ. P. 23(a), 23(b)(2), and/or 23(b)(3). Subject to additional information obtained through further investigation and discovery, the definition of the Class may be expanded or narrowed. The proposed Class consists of all United States residents who purchased *Boner Bears* during the six (6) year period preceding the filing of this suit.

27. This action has been brought and may properly be maintained as a class action pursuant to Fed. R. Civ. P. 23.

28. **Numerosity:** The members of the Class are so numerous that joinder of all members is impracticable. The Class is comprised of consumers throughout the United States who purchased Boner Bears.

29. **Commonality:** Common questions of law and fact exist as to all members of the Class. These common questions predominate over the questions affecting only individual Class members, and include:

(a) Whether Defendant's affirmative, material misrepresentations and concealment constitute common law fraud and/or a violation of the *Florida Unfair and Deceptive Trade Practices Act*;

(b) Whether Defendant deliberately concealed the adulteration of Boner Bears with a pharmaceutical; and,

(c) the appropriate measure of damages suffered by Plaintiff and members of the Class.

30. **Typicality:** Plaintiff's claims are typical of the claims of the members of the Class as all members of the Class are similarly affected by Defendant's illegal and shockingly deceitful conduct. Plaintiff, like other members of the Class, purchased and consumed Boner Bears, after exposure to the same misrepresentations and/or concealment of its adulteration with Tadalafil. Plaintiff is advancing claims and legal theories typical to the Class.

31. **Adequacy:** Plaintiff's claims are made in a representative capacity on behalf of all members of the Class. Plaintiff has no interests antagonistic to the interests of the other members of the proposed Class and is subject to no unique defenses.

32. Plaintiff is similarly situated in interest to all members of the proposed Class and is committed to the vigorous prosecution of this action. Accordingly, Plaintiff is an adequate representative of the proposed Class and will fairly and adequately protect the interests of the Class. Plaintiff may identify and propose additional class representatives with the filing of Plaintiff's motion for class certification.

33. Plaintiff's counsel (anticipated to be admitted *pro hac vice*) is an experienced attorney who has previously been appointed as class counsel for certified classes of consumers by both state and federal courts in New York and New Jersey.

34. This suit may be maintained as a class action pursuant to Fed. R. Civ. P. 23(b)(2) because Defendant has acted, and/or has refused to act, on grounds generally applicable to the Class, thereby making final relief appropriate.

35. Plaintiff also seeks injunctive relief requiring Defendant to: (i) discontinue advertising, marketing, packaging, distributing, selling and otherwise representing Boner Bears as a natural herbal product; (ii) surrender of their existing stock of the product to the U.S. Food and Drug Administration; (iii) undertake a public information campaign to Class members of their false and deceitful prior practices; and (iv) correct any erroneous impression consumers may have derived concerning the nature, characteristics, or qualities of Boner Bears, including without limitation, the placement of corrective advertising and providing written notice to the U.S. consumer public.

36. **Superiority**: In addition, this suit may be maintained as a class action under Fed. R. Civ. P. 23(b)(3) because a class action is superior to all other available methods for the fair and efficient adjudication of this controversy, since joinder of all members is impracticable. The claims asserted herein are applicable to all consumers throughout the United States who purchased Boner Bears. The injury suffered by each

individual class member is relatively small in comparison to the burden and expense of individual prosecution of the complex and extensive litigation necessitated by Defendant's conduct. It would be virtually impossible for members of the Class, acting individually, effectively and cost-efficiently to redress Defendant's wrongful conduct. Individual litigation would enhance delay and expense to all parties. The class action device presents far fewer management difficulties, and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court.

### FIRST CAUSE OF ACTION
### [Common Law Fraud]

37. Plaintiff repeats and realleges the prior allegations of this complaint as if fully set forth at length.

38. Defendant Minahan made a false statement of material fact which he knew to be false at the time it was made. The false statement made by Defendant Minahan was made in writing on the Boner Bears product label, to wit: "Ingredients: No PDE5 Inhibitors." Defendant Minahan knew this statement to be false. Defendant Minahan knew that Boner Bears was adulterated with Tadalafil, a PDE5 inhibitor available by prescription only.

39. Defendant Minahan made the aforesaid materially false statement for the

purpose of inducing consumers to act in reliance thereon. Innocent consumers acted in reasonable reliance on the accuracy of Defendant Minahan's representation that Boner Bears were comprised of only natural ingredients and, as a result, suffered damages.

40. Indeed, Defendant fully intended falsely to represent Boner Bears as a natural, herbal product and to conceal the fact that it was adulterated with a pharmaceutical. Moreover, Defendant fully intended that consumers rely on the deliberate falsity and material incompleteness of Boner Bears' ingredient list stated on the product label. As a result, Defendant induced and achieved consumer purchases of Boner Bears via deceit.

41. Plaintiff and the putative class of consumers reasonably relied on Defendant's lies and deceit as to the constituent ingredients of Boner Bears. There was absolutely no reason to doubt the claim that Boner Bears was free of controlled pharmaceuticals. Indeed, there was no reason to doubt the very reasonable conclusion that a merchant would never put a consumer's health at risk by failing to disclose that a product that was to be ingested by consumers contained an undisclosed, potentially dangerous pharmaceutical ingredient.

42. Defendant's false labeling of Boner Bears and his false representation

as to the true constituent ingredients of Boner Bears, as well as his conscious, deliberate failure to disclose that Boner Bears was adulterated with a pharmaceutical, constitutes a highly material misrepresentation and concealment of a highly material fact.

43. Defendant knew full well that Boner Bears's ingredient list was materially false and that Boner Bears was adulterated with Tadalafil. For example, Defendant's product label warns consumers to not consume "more than 3 gummies in any 1 day," and it also warns consumers to "consult a healthcare professional before use if you have a medical condition." These advisements and warnings evidence Defendant's awareness that he was marketing a pharmaceutical, and not an herbal product. Indeed, the aforesaid advisement and warning mirrors information provided to consumers of the pharmaceutical Tadalafil under a physician's supervision. Such advisements and warnings have no application whatsoever to a truly herbal product. Defendant's claim of selling an herbal product is a conscious lie.

44. Defendant fully intended falsely to represent Boner Bears as a natural, herbal product and to conceal the fact that it was adulterated with a pharmaceutical.

45. Defendant fully intended that consumers rely on the deliberate falsity and material incompleteness of Boner Bears' ingredient list.

46. Defendant further fully intended to conceal the adulteration of Boner Bears from state and federal regulatory and law enforcement authorities.

47. Plaintiff and the putative class of consumers reasonably relied on Defendant's lies and deceit as to the constituents of Boner Bears.

48. Plaintiff and the putative class of consumers were damaged by being subjected to a non-prescribed, potentially dangerous pharmaceutical, as well as by the taking of funds expended to purchase a purportedly natural product marketed and sold based on lies, deceit and material concealment of Boner Bears's true constituent ingredients.

**WHEREFORE**, plaintiff, individually and on behalf of the class, demands judgment against the Defendant for such damages as are permitted by law, together with pre-judgment and post-judgment interest, fees, costs, attorney's fees, and such other and further relief, including but not limited to injunctive relief, as the Court deems just and proper.

**SECOND CAUSE OF ACTION**
**[Florida Unfair and Deceptive Trade Practices Act ("FDUTPA")]**

49. Plaintiff repeats and realleges the prior allegations of this complaint as if fully set forth at length.

50. In order to state a claim under the FDUTPA, Plaintiff must allege (1) a deceptive act or unfair practice; (2) causation; and (3) actual damages.

51. Defendant's Boner Bears ingredient list, written on the product itself

and containing a highly material lie, to wit, no PDE5 inhibitors, constitutes a deceptive act and an unfair practice.

52.    Plaintiff and the putative class of consumer-purchasers of Boner Bears suffered damages caused directly by Defendant's deceptive act. These damages include being unknowingly drugged by Defendant; being tricked into unknowingly ingesting a pharmaceutical; and, being tricked into expending funds to purchase a product based on a material, deliberate lie as to its constituent ingredients.

**WHEREFORE**, plaintiff, individually and on behalf of the class, demands judgment against the Defendant for such damages as are permitted for violation of the FDUTPA, together with pre-judgment and post-judgment interest, fees, costs, attorney's fees, and such other and further relief, including but not limited to injunctive relief, as the Court deems just and proper.

## JURY DEMAND

Demand is hereby made for trial by jury as to all issues.

**HOFFMAN, LARIN & AGNETTI, P.A.**
*Counsel for Plaintiff and the Putative Class*
909 North Miami Beach Blvd., Suite 201
North Miami, FL 33162
T. 305-653-5555
F. 305-940-0090
Email: mshoffman@hlalaw.com
/s/ **MICHAEL S. HOFFMAN**
**MICHAEL S. HOFFMAN**
Florida Bar No.: 41164

/s/ **H**AROLD **M. H**OFFMAN
240 Grand Avenue
Englewood, NJ  07631
(201) 569-0086
Email: hoffman.esq@verizon.net
*Pro Hac Vice* Admission anticipated

Dated: June 14, 2023