United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Brian Keegan, Plaintiff, ) | |
| ) | |
| v.   ) | Civil Action No. 23-61148-Civ-Scola |
| ) | |
| Daniel P. Minahan, Defendant. ) | |

### Order Denying Motion to Stay Discovery

      This matter is before the Court upon the Defendant, Daniel P. Minahan's ("Minahan") expedited motion to stay discovery or, alternatively, bifurcate/phase discovery. (Mot., ECF No. 16.) The Plaintiff Brian Keegan ("Keegan") has responded opposing the stay (ECF No. 19), and Minahan has replied (ECF No. 22). For the reasons explained below, Minahan's motion to stay discovery is **denied**. (**Mot., ECF No. 16**.)

      Keegan brings this putative class action against Minahan for his alleged fraud and deception in advertising, marketing, and distributing *Boner Bears*, a purportedly efficacious and natural herbal remedy for erectile dysfunction. (Compl., ECF No. 1.) Keegan seeks damages and injunctive relief on behalf of himself and a proposed nationwide class of consumers who purchased *Boner Bears* during the six-year period preceding the filing of this suit. (*Id.* ¶¶ 26, 35, 48, 52.) Keegan previously filed another suit based on the same allegations seeking substantially the same relief. *See Keegan v. Minahan, et al.*, Case No. 0:23-cv-60501-RNS (S.D. Fla.). This Court granted the Defendants' motion to dismiss that first suit, without prejudice, because Keegan failed to plead his single claim for common law fraud with the requisite particularity.

      Minahan has filed a motion to dismiss Keegan's new case (Mot. to Dismiss, ECF No. 15), submitting, among other arguments, that Keegan once again fails to comply with the heightened fraud pleading standard of Federal Rule of Civil Procedure 9(b),[1] that his new claim for violation of Florida's Deceptive and Unfair Trade Practices Act fails to allege that Minahan was a direct participant in the conduct at issue, and that Keegan's class action allegations are defective on their face. That motion is fully briefed, and Minahan asks the Court to stay discovery pending its resolution, or, alternatively, to bifurcate/phase discovery so that all pre-certification discovery is limited to matters relevant to class certification.

---

[1] Rule 9 of the Federal Rules of Civil Procedure requires a party alleging fraud to "state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b).

District courts are given "broad discretion over the management of pre-trial activities, including discovery and scheduling." *Johnson v. Bd. of Regents of Univ. of Ga.*, 263 F.3d 1234, 1269 (11th Cir. 2001). As a general rule, motions to dismiss should be resolved as soon as practicable to obviate avoidable discovery costs, especially where a dubious claim appears destined for dismissal. *See Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1368 (11th Cir. 1997) ("If the district court dismisses a nonmeritorious claim before discovery has begun, unnecessary costs to the litigants and to the court system can be avoided."). This District's Local Rules make clear, however, that a stay of discovery pending the determination of a motion to dismiss is the exception rather than the rule. *See* S.D. Fla. Local Rules, App. A, Discovery Practices Handbook I.D(5) (unilateral motions to stay discovery are generally denied). Indeed, "[a] request to stay discovery pending a resolution of a motion is rarely appropriate unless resolution of the motion will dispose of the entire case." *See McCabe v. Foley*, 233 F.R.D. 683, 685 (M.D. Fla. 2006) (Morris, J.).

To evaluate whether there is a strong likelihood that "the [dismissal] motion will be granted and entirely eliminate the need for such discovery," the district court must take a "preliminary peek" at the merits of the motion. *Feldman v. Flood*, 176 F.R.D. 651, 652-53 (M.D. Fla. 1997) (Corrigan, J.) (citations omitted). The court must also weigh "the harm produced by a delay in discovery" against "the likely costs and burdens of proceeding with discovery." *See id.* at 652 (citations omitted). Both concerns are important—while a defendant should not be forced to expend substantial resources answering discovery when the plaintiff's claims clearly lack merit, the delay and prolongation of discovery can also create case management and scheduling problems and unfairly hold up the prosecution of the case. *See Chudasama*, 123 F.3d at 1368-69; *Feldman*, 176 F.R.D. at 652-53; *see also Kron Med. Corp. v. Groth*, 119 F.R.D. 636, 638 (M.D.N.C. 1988) (Eliason, J.). Ultimately, the proponent of the stay bears the burden of demonstrating its necessity, appropriateness, and reasonableness. *McCabe*, 233 F.R.D. at 685.

Having preliminarily examined Minahan's motion to dismiss, Keegan's response thereto, and Minahan's reply, the Court cannot say that there is such a strong likelihood that the motion will be granted that it outweighs Keegan's need to conduct discovery and the potential case management and scheduling problems that may result from a stay. The Court notes that Keegan's newly filed complaint seems to address many of the issues that merited dismissal of his original action. Moreover, the Court will not exercise its discretion to limit discovery at this stage to matters related only to class certification because Minahan has not clearly shown why such a decision would not unduly prejudice Keegan or lead to a more efficient resolution of this case. If Minahan has

legitimate concerns that Keegan's discovery requests are overly broad, burdensome, or unnecessary, Minahan can raise the issue in the appropriate manner before Magistrate Judge Jonathan Goodman, as set forth in his discovery procedures order (ECF No. 9).

Accordingly, the Court **denies** Minahan's motion to stay discovery. (**Mot., ECF No. 16**.)

**Done and ordered** in Miami, Florida, on July 14, 2023.

_____
Robert N. Scola, Jr.
United States District Judge